# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ERNEST MONTGOMERY (# 315014)**         **CIVIL ACTION**

**VERSUS**                                **NO. 17-0210-SDD-EWD**

**KRISTEN THOMAS, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Strike ("Motion"),[1] which seeks to strike reference to sex offenses committed by Plaintiff contained in Defendants' Memorandum in Support of Second Motion for Summary Judgment.[2] and Statement of Undisputed Facts.[3]

Plaintiff cites Federal Rule of Civil Procedure 12(f), which provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), however, does not apply to Plaintiff's request, however, because evidence submitted in support of a Rule 56 motion for summary judgment is not considered a motion or pleading for purposes of Rule 12.[4]

Even were Rule 12(f) applied, the Court would deny the Motion. Plaintiff filed this action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs by placing him in a suicide watch cell with a top bunk notwithstanding an alleged threat that he would harm himself by jumping from the top bunk. In support of their motion for

---

[1] R. Doc. 39.
[2] R. Doc. 36-1, pp. 5-7.
[3] R. Doc. 36-2, p. 2.
[4] *See Shah v. Chertoff,* No. CIVA305-CV-1608-BHK, 2007 WL 2948362, at *5 (N.D. Tex. Oct. 10, 2007) citing *York v. Ferris State Univ.*, 36 F.Supp.2d 976, 980 (W.D.Mich.1998) (holding that Rule 12(f) only applies to "pleadings," which are not affidavits); *Carlson Mktg. Group, Inc. v. Royal Indem. Co.*, 2006 WL 2917173, *2 (D.Minn. Oct.11, 2006) (neither a memorandum nor an affidavit submitted in connection with a motion for summary judgment is a pleading for purposes of Rule 12(f)); *Estate of Albritton v. U.S.*, 2001 WL 34046166 (M.D.La. Dec.10, 2001) (finding that affidavits submitted in support of motion for summary judgment are not pleadings subject the timeliness constraint imposed by Rule 12(f)).

summary judgment, Defendants rely on information regarding Plaintiff's prior sex offenses to establish that Defendants had reason to doubt Plaintiff's alleged assertions that he would harm himself.

The decision of whether to strike evidence presented in support or opposition to a motion for summary judgment is within the discretion of the trial court.[5] Further, motions to strike a defense are generally disfavored and are infrequently granted.[6] A motion to strike should not be granted unless the moving party demonstrates that denial of the motion would be prejudicial to the moving party.[7] Finally, the court must deny a motion to strike if there is a question of law or fact regarding a particular defense.[8]

Here, Plaintiff has not met his heavy burden of establishing that striking the evidence presented by Defendants regarding sexual offenses committed by Plaintiff is appropriate. Evidence of sexual offenses committed by Plaintiff is highly relevant[9] to the defense presented by Defendants; namely, Defendants argue that Plaintiff was not placed in a different cell due to his propensity for committing sexual offenses while in these cells. The relevance of this evidence would render striking same inappropriate.[10] Accordingly,

---

[5] *See Bryan v. Chertoff*, 217 F. App'x. 289, 291 (5th Cir. 2007); *see also McCulley v. JTM Industries, Inc.*, 116 F.3d 1477 (5th Cir. 1997) (a district court's decision to strike summary judgment evidence is reviewed for abuse of discretion).

[6] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.").

[7] *See Global ADR, Inc. v. City of Hammond*, No. Civ. A. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003).

[8] *Solis v. Bruister*, Civ. Action No. 4:10cv77-DPJ-FKB, 2012 WL 776028, at * 7 (S.D. Miss. Mar. 8, 2012) ("Even when addressing a pure question of legal sufficiency, court are 'very reluctant' to determine such issues on a motion to strike, preferring to determine them 'only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial' ") (*citing Veranda Assocs., LP v. Hooper*, No. H-11-4206, 2012 WL 602143, at 3 (S.D. Tex. Feb. 23, 2012) (*quoting* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004))).

[9] Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401.

[10] *See Badmus v. Mutual of Omaha Insurance Company*, 709 F. App'x. 260, 262 (5th Cir. 2017) (wherein the Fifth Circuit held a trial court did not err in refusing to strike evidence that was relevant to the litigation).

**IT IS ORDERED** that Plaintiff's Motion to Strike[11] be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 8, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 39.